UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                             CASE NO. 3:14-cv-1009-J-34JBT

TYRONE D. JACKSON,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment ("Motion") (Doc. 8). Plaintiff asks the Court to enter final default judgment in the amount of $64,417.00, plus continuing interest, costs, and attorney's fees. (*See id.* at 16–17.) Specifically, the requested judgment includes "$39,587.18 in unpaid principal, plus $23,824.82 in interest . . . , together with [costs], per 28 U.S.C. § 1921 of $45.00, plus Attorney's fees of $960.00." (*See id.* at 16.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be **GRANTED** and that judgment be entered in favor of Plaintiff and against Defendant in the amount requested.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

## I.    Background

Plaintiff filed this lawsuit on August 22, 2014, seeking to collect the amount

Defendant owes on a defaulted student loan, plus attorney's fees and costs. (Doc.

1.)  Exhibit A to Plaintiff's Complaint is a Certificate of Indebtedness executed on

August 16, 2010 by a loan analyst at the United States Department of Education.[2]

The exhibit states in part:

> On or about 03/16/99, the borrower [Defendant] executed
> a promissory note to secure a Direct Consolidation loan
> from the U.S. Department of Education.  This loan was
> disbursed for $28,000.86 on 11/18/99, at 8.25 percent
> interest per annum.   The loan was made by the
> Department under the William D. Ford Federal Direct Loan
> Program under Title IV, Part D of the Higher Education Act
> of 1965, as amended, 20 U.S.C. 1087a et seq. (34 C.F.R.
> Part 685).  The Department demanded payment according
> to the terms of the note, and the borrower defaulted on the
> obligation on 04/16/08.    Pursuant to 34 C.F.R §
> 685.202(b), a total of $11,898.71 in unpaid interest was
> capitalized and added to the principal balance.
>
> The Department has credited a total of $7,226.47 in
> payments from all sources, including Treasury Department
> offsets, if any, to the balance.

(Doc. 1-2.)

Plaintiff's Complaint further alleges that "[p]rejudgment interest accrues at the

rate of 8.250% per annum or $8.94 per day." (Doc. 1 at 2.)  The Motion also

---

[2] Although the Certificate of Indebtedness was executed four years ago, the
allegations of the Complaint still adequately state a claim for which relief may be granted.
The date of execution is relevant to calculating the interest that has since accrued and/or
been capitalized but does not otherwise change the alleged facts.

requests $960.00 in attorney's fees (Doc. 8 at 7–8) and a $45.00 "Fee for Service and Travel, per 28 U.S.C. § 1921" (*id.* at 15).[3]

Plaintiff served the Complaint upon Defendant on August 27, 2014. (Doc. 5 at 3.) Defendant has not appeared. The Clerk of Court entered a default against Defendant on September 30, 2014. (Doc. 7.) Plaintiff filed the instant Motion on October 8, 2014 and served it on Defendant, via mail, the same day. (Doc. 8 at 4.) Defendant has not responded to the Motion after being given adequate time to do so.

## II.    Motion for Default Judgment

### A.    Standard

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. *See* Fed. R. Civ. P. 55(a). Second, after receiving the clerk's default, the plaintiff must apply to the court for a default judgment, except in limited circumstances when application may be made to the clerk. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has

---

[3] A proposed Default Final Judgment is included with the Motion. (Doc. 8 at 16–17.)

been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pleaded allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, a court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.*; *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment").

Rule 8 provides that a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief. *See* Fed. R. Civ. P. 8(a). A complaint meets the requirements of Rule 8 if, in light of the nature of the action, the complaint provides factual allegations, which are assumed to be true, sufficient to "raise a right to relief

4

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678–79. Thus, in ruling on a motion for final default judgment, the Court must determine whether a sufficient factual basis exists in the complaint for a judgment to be entered. *See Nishimatsu*, 515 F.2d at 1206.

Finally, when a plaintiff seeks the entry of a default judgment against an individual defendant, the plaintiff must comply with Section 521 of the Servicemembers Civil Relief Act, which requires, *inter alia*, the filing of an affidavit by the plaintiff:

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1).

## B.   Discussion

Upon review of the Complaint, the Motion, and other relevant filings, the undersigned recommends that a default judgment be entered.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345, which provides that "the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States." (*See* Doc. 1 at 1.)  Further, the Complaint adequately states a claim for which relief may be granted.  The Complaint alleges that Defendant breached a promissory note for a student loan guaranteed by the United States Department of Education and that Defendant consequently owes a debt to the United States.[4]  (*Id.* at 1–2.)  The Complaint, attached exhibit, and Plaintiff's supplemental filings (*see* Doc. 8) substantiate the judgment Plaintiff requests.

The attorney's fees Plaintiff seeks are demanded in the Complaint (Doc. 1 at 2) and are authorized by the promissory note (Doc. 8 at 12,13), and by 20 U.S.C. § 1091a(b)(1) and its implementing regulations, specifically 34 C.F.R. § 30.60(a)(8).

---

[4] The undersigned notes that Plaintiff did not attach the promissory note to the Complaint.  "[N]othing in the [F]ederal Rules of Civil Procedure requires Plaintiff to attach any document to the complaint.  A plaintiff is only required to state a short and plain statement of the claim showing that the pleader is entitled to relief.  The fact that Federal Rule of Civil Procedure 10(c) allows exhibits to be filed with the complaint does not create an affirmative duty to file such an exhibit." *United States ex rel. Chabot v. MLU Servs., Inc.*, 544 F. Supp. 2d 1326, 1329 (M.D. Fla. 2008) (internal quotation marks and citations omitted).  Furthermore, Plaintiff did attach the promissory note to the Motion.  (Doc. 8 at 10–13.)

Finally, Section 1921 of Title 28 of the U.S. Code authorizes imposition of the $45.00 "Fee for Service and Travel" as a cost of achieving service of process.  *See also Davis v. Sailormen, Inc.*, Case No. 6:05-cv-1497-Orl-22JGG, 2007 WL 1752465, at *2 (M.D. Fla. June 15, 2007) ("While section 1920(1) only mentions fees of the United States Marshal, fees of a private process server may be taxed, so long as they do not exceed the statutory fees authorized in § 1921.").

"[A] judgment by default may not be entered without a hearing  [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam); *see also SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). Here, the judgment Plaintiff seeks is capable of mathematical calculation.  Plaintiff seeks judgment of $64,417.00, plus pre-judgment interest at $8.94 per day from October 7, 2014 to the date of entry of judgment (*see* Doc. 1 at 2; Doc. 8 at 2), plus post-judgment interest under 28 U.S.C. § 1961 thereafter (Doc. 1 at 2).  A hearing on damages is therefore not required.  Moreover, the recommended judgment does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

Finally, Plaintiff has satisfied the requirements of the Servicemembers Civil Relief Act and Federal Rule of Civil Procedure 55(b).  The Motion includes an affidavit stating that Defendant "is not serving with the armed forces of the United States entitled to the protection of 50 U.S.C. App. Section 520."  (Doc. 8 at 14.)

Further, the affidavit of Plaintiff's process server states that "[b]ased upon inquiry of party served [Defendant], Defendant is not in the military service of the United States of America."  (Doc. 5 at 3.)  Plaintiff's affidavit also states that Defendant is neither an infant nor an incompetent person.  (Doc. 8 at 14.)

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The Motion (**Doc. 8**) be **GRANTED**.

2.      The Court enter an Order stating substantially the following:

"a.      The Clerk of Court is directed to enter judgment in favor of Plaintiff United States of America, and against Defendant Tyrone D. Jackson, 4160 Fawngrove Road, Jacksonville, Florida 32277, in the sum of $64,417.00 (plus $8.94 per day from October 7, 2014 to the date of the Court's Order).

b.      Post judgment interest will accrue at the statutory rate set forth in 28 U.S.C. § 1961.

c.      The Clerk of Court is further directed to terminate any pending motions and close the file."

**DONE AND ENTERED** at Jacksonville, Florida, on November 10, 2014.

_____
JOEL B. TOOMEY
United States Magistrate Judge

8

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Pro Se Defendant

    Tyrone D. Jackson
    4160 Fawngrove Road,
    Jacksonville, Florida 32277